PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Ford 500 struck a hole while claimant Nancy Dye was traveling on Old Route 50 in Harrison County. Old Route 50 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:30 p.m. on March 2, 2007. Old Route 50 is a two-lane highway at the area of the incident involved in this claim. Claimant Nancy Dye testified that she was driving on Old Route 50 when she saw the hole. She stated that she tried to avoid the hole but could not because of oncoming traffic. Claimant’s vehicle struck the hole, sustaining damage to a rim and a tire. She stated that the hole was approximately six inches deep. Claimants’ vehicle sustained damage totaling $460.33.
The position of the respondent is that it did not have actual or constructive notice of the condition on Old Route 50 at the site of the claimants’ accident for the date in question. David Cava, Highway Administrator for respondent in Harrison County, testified that respondent received a complaint about a hole on Old Route 50 several days after claimants’ incident. Mr. Cava stated that at that time, a crew went out to the hole and repaired it. Respondent maintains that it did not have actual or constructive notice of the condition on Old Route 50 prior to claimants’ incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on Old Route 50. The size of the hole and the time of the year in which claimants ’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
*34 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $460.33.
Award of $460.33.